```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    ELLYN MARCUS LINDSAY (State Bar No. 116847)
 4  Assistant United States Attorney
    Major Frauds Section
 5       1100 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone:  (213) 894-2041
 7       Facsimile:  (213) 894-6269
         Email: ellyn.lindsay@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

                    UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR No. 09-1256-JFW |
|---|---|---|
| Plaintiff, | ) | ~~JOINT STATEMENT RE:~~ **ORDER GRANTING THE GOVERNMENT'S MOTION TO COMPEL DEFENDANT TO SUBMIT TO MENTAL EXAMINATION** ~~AND TO PRODUCE EXPERT DISCOVERY~~ |
| v. | ) | |
| MARTIN LUMAN, | ) | |
| Defendant. | ) | **Trial Date: July 24, 2012**<br>**Trial Time:  8:30 a.m.** |

**GOVERNMENT'S PROPOSED ORDER**

The Court has considered the Government's request that the Court enter an order allowing a government psychiatrist to examine the defendant pursuant to Fed.R.Crim.Proc. 12.2(c), contained in the Joint Submission of Parties regarding Government's Motion in Limine No. 2 to Preclude Expert Testimony by Dr. Martin H. Williams, filed in this matter on July 13, 2012.

For GOOD CAUSE shown, the Government's Request is GRANTED. IT IS HEREBY ORDERED:

1. Defendant Martin Luman ("defendant"), shall submit to a mental examination by a mental health professional selected by the government. No representative of defendant or any other person affiliated with defendant shall be present during the examination.

2. The examination shall take place on one or more dates specified by the government, after the government provides notice of the examination date(s) to defendant's attorney.

3. Defendant may withdraw his notice of intent to introduce expert evidence relating to a mental condition at any time before actually introducing such evidence at trial. In that event, neither the fact of defendant's notice, nor the results or report of any mental examination, nor any facts disclosed solely therein, shall be admissible at trial against defendant.

4. If defendant fails to participate in this Court-ordered examination, defendant shall forfeit his right to present mental health testimony at trial, pursuant to Rule 12.2(d)(1)(B) of the Federal Rules of Criminal Procedure.

5. Defendant shall comply with the Order Re: Expert Witness, Document Number 111, filed on July 16, 2012, in this matter.

6. The results of the examination by the government's mental health expert will remain confidential and will not be used for any purpose other than in connection with this case.

7. Nothing in this Order shall preclude defendant from objecting to the admissibility of the government's mental health evidence at trial.

8. Nothing in this Order shall preclude the government from continuing to object to the admissibility of defendant's mental health evidence at trial.

IT IS SO ORDERED.

DATED: July 18, 2012

_____
THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
ELLYN MARCUS LINDSAY
Assistant United States Attorney

-3-